IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

NOEL ESPINOZA-SANTOS,           )        CV 21-00414-SOM-WRP
                                )
          Petitioner(s),        )
                                )        ORDER DENYING MOTION TO SET
     vs.                        )        ASIDE/VACATE SENTENCE AND/OR
                                )        CONVICTION PURSUANT TO 28
UNITED STATES OF AMERICA,       )        U.S.C.§ 2241
                                )
          Respondent(s).        )
_____)

**ORDER DENYING MOTION TO SET ASIDE/VACATE SENTENCE AND/OR
CONVICTION PURSUANT TO 28 U.S.C.§ 2241**

Petitioner Noel Espinoza-Santos has filed a Motion To
Set Aside/Vacate Sentence And/Or Conviction Pursuant to 28 U.S.C.
§ 2241.  This court denies the motion.

Espinoza-Santos is at this time incarcerated at the
Federal Detention Center in Honolulu, Hawaii, but he appears to
be serving a sentence imposed in the Northern District of Texas.
According to the indictment filed in *United States v. Espinoza-
Santos* in Case No. 4:15-cr-00077-A-1 in the Northern District of
Texas, he was charged with having violated 8 U.S.C. § 1326 by
illegally re-entering the United States after having been
removed.  The docket sheet in that case as well as the documents
filed in that case indicate that he entered a guilty plea, was
sentenced to 130 months in custody and three years of supervised
release, took an appeal to the Fifth Circuit, which affirmed, and
sought certiorari with the Supreme Court, which denied certiorari

in 2017.  Thereafter, Espinoza-Santos filed a motion seeking relief under 28 U.S.C. § 2255, which the district court in the Northern District of Texas denied. *See Noel Espinoza-Santos v. United States,* No. 4:17-CV-340-A, at ECF No. 11.  More recently, Espinoza-Santos filed a motion in the Northern District of Texas that he said sought relief under 28 U.S.C. § 1326. On October 12, 2021, the district court in the Northern District of Texas denied the motion brought under 8 U.S.C. § 1326, noting that, in challenging his conviction under § 1326, Espinoza-Santos was relying on a decision from the District of Nevada, *United States v. Carrillo-Lopez*, No. 3:30-cr-00026-MMD-WGC, 2021 WL 3667330 (D. Nev. Aug. 18, 2021).

The ruling cited from *Carrillo-Lopez* stated that § 1326 had been enacted at least in part for a discriminatory purpose and had a disparate impact on Latinx persons.  That ruling also noted that the Government had failed to show that § 1326 would have been enacted without that discriminatory purpose.  The judge in that case granted the defendant's motion to dismiss the § 1326 charge.

Espinoza-Santos now comes before this court repeating his challenge and again relying on *Carrillo-Lopez*.  He says that he is proceeding under 28 U.S.C. § 2241.  He asks this court "to set aside/vacate his sentence and/or his conviction due to the unconstitutionality of his charge."  He says that he "is

2

currently incarcerated in FDC Honolulu which is out of the district that convicted him.  He brings this motion based on the fact that he is incarcerated in this district of Hawaii based on the fact that his incarceration in this district is unconstitutional . . . ."  ECF No. 1.

Notwithstanding his characterization of the motion he has filed in this court, Espinoza-Santos is actually seeking relief under § 2255.  It is § 2255 that provides a statutory remedy when an individual in federal custody claims "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  A movant asserting such a right "may move the court which imposed the sentence to vacate, set aside or correct the sentence."  *Id*.  That is, Espinoza-Santos's challenge to the constitutionality of his sentence must be brought in the Northern District of Texas, which has declined to rely on *Carrillo-Lopez*.

A proper motion under 28 U.S.C. § 2241 does not challenge the underlying conviction or sentence.  It may challenge a condition of confinement.  For example, it may contend that the Bureau of Prisons has overdetained a prisoner, holding him or her beyond the time authorized by a duly imposed

sentence.  An order granting a § 2241 motion is directed to the person with custody of the movant.  *See* 28 U.S.C. § 2243.  Thus, Espinoza-Santos is correct in saying that a § 2241 motion should be filed in the district where an individual is detained.  What he is incorrect in saying is that his challenge to the constitutionality of his conviction falls under § 2241.  Such a challenge falls under § 2255.  A judge in the District of Hawaii has no authority to set aside or vacate the sentence imposed in the Northern District of Texas.

Espinoza-Santos previously filed a § 2255 motion in the Northern District of Texas, which was denied. If he would like to file a new § 2255 motion, he must not only file it in the Northern District of Texas, he must also obtain, before any such filing, a certification from the Fifth Circuit permitting him to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h).  No matter what, he cannot proceed with a § 2255 motion in the District of Hawaii that seeks relief from his conviction in the Northern District of Texas.  This court denies Espinoza-Santos's present motion and directs the Clerk of Court to close this case.  This ruling makes it unnecessary for this court to address the request for appointment of counsel.

DATED: Honolulu, Hawaii, October 15, 2021.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Noel Espinoza-Santos v.United States of America, CIVIL. NO. 21-00414-SOM-WRP;ORDER
DENYING MOTION TO SET ASIDE/VACATE SENTENCE AND/OR CONVICTION PURSUANT TO 28 U.S.C.§
2241